IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEIGH ANN DEPALM,<br><br>   Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>*Acting Commissioner of Social Security*,<br><br>   Defendant. | Civil Action No. 21-1650 |

ORDER

AND NOW, this 6th day of December 2022, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 15) filed in the above-captioned matter on April 15, 2022,

IT IS HEREBY ORDERED that the Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 13) filed in the above-captioned matter on March 18, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.  Plaintiff's Motion is granted insofar as she seeks remand for further administrative proceedings and denied in all other respects.  Accordingly, this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g).

**I.   Background**

Plaintiff protectively filed an application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401, *et seq.*, on December 27, 2016.  (R. 113).  Her claim was denied initially and then denied by an Administrative Law Judge ("ALJ") on February 13, 2019.  (R. 113, 128).  The Appeals Council reviewed that ALJ's decision and remanded Plaintiff's case because: (1) the ALJ found Plaintiff's date last insured was December 31, 2018 while the Social Security Administration's ("SSA") records indicated

insured status through at least December 2020, and (2) the ALJ's mental residual functional capacity ("RFC") determination lacked an adequate "function-by-function assessment" of Plaintiff's "ability to do work-related mental activities." (R. 135—36). The Appeals Council ordered that, on remand, the ALJ would procure evidence from a medical expert about the extent of Plaintiff's functional limitations from physical/mental impairments, consider the entire period at issue, reconsider Plaintiff's RFC during the relevant period and support such a finding with specific references to the record, and expand the record as necessary to determine the extent of Plaintiff's limitations and their effect on the scope of work opportunities that might be found to be available to her. (*Id.*).

Pursuant to the Appeals Council's remand order, Plaintiff appeared for a telephonic hearing before another ALJ—ALJ Michael Kaczmarek—on December 17, 2020. (R. 16, 37). Considering Plaintiff's alleged disability from October 1, 2016, through the date of decision, the ALJ determined that Plaintiff had not been under a disability. (R. 30). Plaintiff requested review before the Appeals Council but, this time, the Appeals Council "found no reason under [its] rules to review the . . . decision." (R. 1). Upon the Appeals Council's denial of Plaintiff's request for review, the ALJ's decision became the agency's final decision in this matter. 20 C.F.R. § 404.981. Plaintiff has now challenged that decision before the Court.

## II.     Standard of Review

The Court reviews the ALJ's decision to determine whether it is supported by "substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)). This evidentiary threshold is "not high." *Id.* at 1154. It means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[W]ith respect to all questions

of law," the Court's review is "plenary." *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011).

ALJs use a five-step evaluation to determine disability. 20 C.F.R. § 404.1520(a)(1); *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). Pursuant thereto, an ALJ considers "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009); 20 C.F.R. § 404.1520(a)(4)(i)—(v). If the ALJ determines that the claimant cannot return to past work or adjust to other work, then the ALJ will find the claimant to be disabled under the Act. *Plummer*, 186 F.3d at 428 (citations omitted).

**III.    The ALJ's Decision**

In this matter, the ALJ found that though Plaintiff had worked part-time at her friend's tanning salon during the relevant period, she had not engaged in substantial gainful activity since October 1, 2016. (R. 19). Next, the ALJ considered the evidence of Plaintiff's impairments and found that she suffered from the following severe, medically determinable impairments: "degenerative disc disease, status post lumbar laminectomy and lumbar decompression, radicular right knee pain, fibromyalgia, left leg numbness, obesity, depression, anxiety, and pain disorder with psychological factor." (*Id.*). The ALJ further determined that Plaintiff's "gastrointestinal conditions, hypertension, hyperlipidemia, and carpal tunnel syndrome [were] not severe." (*Id.*). None of Plaintiff's impairments, nor any combination of them, met or equaled the criteria for a presumptively disabling impairment listed in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20). Because Plaintiff did not prevail in proving her disability at this third step

of the five-step disability evaluation, the ALJ formulated her RFC to facilitate consideration of Plaintiff's work prospects at steps four and five. (R. 22).

The ALJ determined that Plaintiff was limited to "light work" with the opportunity to alternate between sitting and standing every thirty minutes; limitations for climbing and balancing/stooping; and prohibition against kneeling, crouching, crawling, or operating foot controls. (R. 22—23). The ALJ also specified that Plaintiff would need to "avoid concentrated exposure to extremes of heat, cold, vibration, wetness, humidity, and hazards such as inherently dangerous moving machinery and unprotected heights;" be "[l]imited to unskilled work, which includes routine repetitive tasks at the SVP one to two level;" and be "[l]imited to occasionally overhead reaching bilaterally." (R. 23). With this RFC, the ALJ found at step four that Plaintiff would not be able to return to her past work as "resource coordinator classified under personnel scheduler" or "personnel clerk supervisor." (R. 28). However, the ALJ further found at step five that Plaintiff's RFC, age, education, and work experience would permit adjustment to other occupations that corresponded to an adequate number of jobs in the national economy. (R. 29). Such jobs included "mail clerk," "office helper," and "sorter," which—together—offered over 450,000 jobs nationally. (*Id.*). Accordingly, the ALJ found Plaintiff to be not disabled under the Act and denied her DIB application. (R. 30).

### IV.     Legal Analysis

In her motion for summary judgment and brief, Plaintiff has argued that the ALJ erred as a matter of law and failed to support his findings with substantial evidence. Specifically, she has challenged the ALJ's weight determination for the opinion offered by her treating source, the ALJ's evaluation and weight determinations for other opinion evidence, the ALJ's RFC finding, and the ALJ's compliance with the Appeals Council's prior remand order. As explained herein,

the Court finds most of Plaintiff's arguments to be unpersuasive; however, the Court agrees with Plaintiff insofar as she has argued that the ALJ erred legally when he afforded one of the medical source's opinions "great weight" based, in part, on the source's specialization. Because this error was not harmless, remand is necessary for further administrative proceedings.

For disability claims filed before March 27, 2017, an ALJ's evaluation of medical opinion evidence is subject to 20 C.F.R. § 404.1527. An ALJ's consideration of medical opinion evidence "together with the rest of the relevant evidence" is essential to the ALJ's determination of a claimant's impairments and limitations arising therefrom. *Id.* § 404.1527(b). ALJs must consider every medical opinion in evidence and must assess the appropriate weight to afford each opinion based on six factors unless they opt to afford a treating source's opinion "controlling weight." *Id.* § 404.1527(c). The relevant factors are examining relationship, treatment relationship, supportability, consistency, specialization, and other factors. *Id.* § 404.1527(c)(1)—(6). For these pre-March 27, 2017 claims, treatment relationship is a particularly important factor because ALJs "[g]enerally . . . [gave] more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." *Id.* § 404.1527(c)(2).

An ALJ's articulation of how he or she considered medical opinion and other relevant evidence should "build an accurate and logical bridge between the evidence and the result" that shows a reviewing court how the ALJ reached his or her decision. *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (quoting *Hodes v. Apfel*, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999)). The ALJ may reject medical opinion evidence because he or she has found other medical evidence to be more compelling. *Cummings v. Colvin*, 129 F. Supp. 3d 209, 215 (W.D.

Pa. 2015); *Doty v. Colvin*, No. CIV.A. 13-80-J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014) (explaining that an ALJ may "mak[e] an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary"). When medical sources' opinions conflict, the "ALJ may choose whom to credit" as long as the ALJ gives a reason that is not "wrong." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer*, 186 F.3d at 429).

In this matter, the ALJ considered opinions in evidence offered by, among others, the State agency medical consultant Dr. Virginia Dato, M.D. (R. 27—28). Dr. Dato had opined that Plaintiff could frequently carry up to ten pounds, stand and/or walk for four hours, sit for about six hours, and could push or pull without limitation. (R. 104). Dr. Dato also identified a number of appropriate postural limitations, *e.g.*, limitation to only occasionally climbing ramps and stairs. (*Id.*). Dr. Dato rendered her opinion on April 13, 2017. (R. 105). The ALJ afforded this opinion "great weight." (R. 28). He explained that "Dr. Dato's opinion was consistent with the record as a whole, within its maker's area of *specialization*, and based upon a comprehensive review of the record then-extant." (*Id.* (emphasis added)). However, the ALJ noted that Dr. Dato had "not account[ed] for effects of the claimant's fibromyalgia or severe spinal impairments when assessing her postural or environmental limitations." (*Id.*).

Plaintiff has argued, and the Court agrees, that the ALJ erred in counting Dr. Dato's "specialization" in favor of affording her opinion great weight. The specialization factor that is identified in the regulations for ALJs' consideration of the appropriate weight to afford medical opinion evidence refers to a medical source's area of medical specialty. 20 C.F.R. § 404.1527(c)(5). There, the regulations explain that an ALJ will "generally give more weight to the medical opinion of a *specialist about medical issues related to his or her area of specialty*

than to the medical opinion of a source who is not a specialist." *Id.* (emphasis added). Specialization is distinct from, *e.g.*, "[o]ther factors" such as "the amount of understanding of . . . disability programs and their evidentiary requirements that a medical source has." *Id.* § 404.1527(c)(6). With respect to familiarity with disability programs, State agency consultants' opinions often receive greater weight due to the consultants' expertise in disability determinations. SSR 96-6P, 1996 WL 374180 (S.S.A.), at *2 (July 2, 1996) ("State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act."); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).

In this case, the ALJ appears to have conflated medical specialization with expertise in disability programs. (R. 28). Contrary to the ALJ's explanation as to why Dr. Dato's opinion received great weight, there is no indication that Dr. Dato practiced a specialty of medicine that would have given her a uniquely relevant understanding of Plaintiff's impairments/limitations. This error in the ALJ's evaluation of the opinion evidence would not automatically require remand: a reviewing court may find an error to be harmless if the court "is confident that an ALJ error had no effect on the outcome of the case." *Pack v. Comm'r of Soc. Sec.*, No. CV 20-1128, 2021 WL 3682151, at *2 n.2 (W.D. Pa. Aug. 19, 2021) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)). However, in this case the Court cannot confidently find that the ALJ's error was immaterial to the outcome. In his evaluation of Dr. Dato's opinion, the ALJ listed several factors that informed the weight determination without indicating any was more important than the other. (R. 28). Further, it is not clear to the Court that the ALJ's outcome-determinative RFC finding would have been the same even if Dr. Dato's opinion had received lesser weight because no other opinion in evidence received more than "little weight." (R. 27—

28).  The ALJ was of course not required to base the RFC finding on a doctor's findings.  *Doty*, 2014 WL 29036, at *1 n.1.  But where, as here, the ALJ supported his RFC determination by reference to testimony, objective evidence, and one opinion, and erred in evaluating that one opinion's weight, the Court is hard-pressed to find the error definitively lacked impact.  For that reason, the Court will order remand.[1]

---

[1]   Because the Court has found remand to be necessary on account of the ALJ's error in his consideration and articulation of the appropriate weight for Dr. Dato's opinion, the Court need not reach Plaintiff's other arguments.  However, the Court here briefly addresses Plaintiff's other arguments to promote clarity on remand.  Plaintiff has argued that, when the ALJ considered his treating doctor's opinion and afforded it "little weight" (R. 27), he failed to consider all the relevant factors at 20 C.F.R. § 404.1527(c)(1)—(6).  Having considered this argument, the Court notes that while ALJs are required to consider the factors that are listed at Section 404.1527(c), there is no corresponding articulation requirement; "the regulations . . . merely direct that the ALJ consider the factors and give 'good reasons' for the weight assigned to the treating source's opinion."  *Ortiz v. Berryhill*, No. CV 16-03591, 2017 WL 1499250, at *8 n.10 (E.D. Pa. Feb. 28, 2017) (cleaned up).  In this matter it is clear the ALJ considered the regulatory factors in his evaluation of the opinion authored by Dr. Brenda Navalgund, M.D., of DNA Advanced Pain Treatment Center ("DNA"), where Plaintiff received specialized care for pain.  (R. 1025).  The ALJ discussed objective medical records from Plaintiff's treatment at DNA (R. 25) and acknowledged that her treatment there included examination.  (R. 27).  Ultimately, the ALJ found that Dr. Navalgund's opinion was not well supported and that it was inconsistent with other evidence, like evidence showing Plaintiff's attention and concentration were normal.  (*Id.*).  Further, the ALJ provided a good reason as to why he would afford the opinion only "little weight," the reason being that the opinion consisted of checked boxes on a form with little to no accompanying information.  (*Id.*).  It is axiomatic that "check a box" opinions without accompanying explanations are not particularly strong evidence.  *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993).  Accordingly, while the Commissioner is free to reevaluate Dr. Navalgund's opinion on remand, the Court has found no error in the ALJ's evaluation of Dr. Navalgund's opinion that has contributed to the necessity of remand at this time.

   Likewise, the Court is unpersuaded by Plaintiff's argument that the ALJ applied the factors relevant to his evaluation of the opinion evidence in a way that was inconsistent or illogical.  Plaintiff has contended that the ALJ erred when—considering two State agency consultants' opinions from April 2017—he devalued one opinion because the authoring consultant did not examine Plaintiff and lacked access to records that post-dated April 2017, but did not count those same factors against the second consultant's opinion.  As an initial matter, there is no rule that any factor an ALJ cites for the weight afforded one medical opinion must also be discussed in the ALJ's consideration of other opinion evidence that shares a characteristic relevant to that factor, *e.g.*, an ALJ is not required to specifically mention that a medical source examined the claimant because the ALJ discussed that factor for another examining medical

V.     **Conclusion**

As indicated throughout this Order, the Court finds that the most appropriate outcome is remand for further administrative proceedings.  Plaintiff has not compellingly argued that further remedy, *i.e.*, an order reversing the underlying decision and directing payment of benefits, is warranted.  *Com. of Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that the courts will not consider "conclusory assertions" that purport to be arguments).  Plaintiff's request for costs in her motion (Doc. No. 13, pg. 2) is

---

source, as long as it is clear the ALJ considered the factors.  *See Biestek*, 139 S. Ct. at 1157 (explaining that categorical rules fit poorly within the substantial evidence framework).  In this case, the ALJ afforded the opinion offered by State agency mental consultant, Dr. Valorie Rings, only "little weight" because she did not examine Plaintiff or have access to her records past April 2017.  (R. 28).  The ALJ gave the opinion of the other State agency consultant—Dr. Dato, whose opinion is discussed at length in the body of this Order—"great weight" without specifically addressing examination history or the lapse of time since Dr. Dato authored that opinion.  (*Id.*).  The Court is unconcerned by the emphasis of different factors in the ALJ's evaluation of these opinions because it's clear that records concerning Plaintiff's mental impairments mostly post-date April 2017 when Dr. Rings considered Plaintiff's condition, whereas Plaintiff had years of records pertaining to her physical impairments by the time Dr. Dato reviewed evidence of her alleged disability.  (R. 23—27).  Accordingly, it is not illogical for the ALJ to have devalued Dr. Rings's opinion for being outdated/underinformed, while not treating Dr. Dato's opinion the same.  And with respect to the ALJ's discussion of the examining relationship for Dr. Rings's opinion but not Dr. Dato's opinion, the Court detects no harm arising from that difference in articulation.  However, further consideration of Dr. Dato's opinion and the other opinion evidence on remand ought to be as clear and accurate as possible so that there is no confusion about how the weights of such opinions were determined.

Finally, Plaintiff has argued that the ALJ did not formulate an RFC that accurately reflected her maximum sustained work ability because, *e.g.*, he overlooked evidence that lifting a 12-pack of soda was too difficult for her.  She has further argued that the ALJ ignored the Appeals Council's directive to further consider the impact of her mental impairments and failed to pose hypotheticals to the Vocational Expert that accurately reflected her limitation.  These arguments are largely reducible to a request to reweigh evidence and have not contributed to the Court's decision that remand is necessary.  *Chandler*, 667 F.3d at 359 (explaining that reviewing courts may not reweigh evidence in a claimant's record).  The Court acknowledges that fulfillment of its Order may affect the RFC determination and directs that any finding of Plaintiff's RFC on remand must include all her proven limitations and must be explained and supported with sufficient detail to permit meaningful review of the finding.  *Gamret*, 994 F. Supp. 2d at 698 (explaining the necessity of sufficient explanation).

similarly unargued.  Moreover, Plaintiff's request is premature as the appropriate vehicle for a request for fees and/or costs would be a motion pursuant to 28 U.S.C. § 2412(d).  Accordingly, this matter is remanded for proceedings consistent with the Order.

s/ Alan N. Bloch<br>United States District Judge

ecf:    Counsel of Record